UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SENSUS USA INC,<br><br>          Plaintiff,<br><br>    v.<br><br>BADGER METER INC.,<br><br>          Defendant. | Case No. 16-CV-03376-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff Sensus, Inc. ("Plaintiff") brings this declaratory judgment action against Defendant Badger Meter, Inc. ("Defendant"). Before the Court is Defendant's motion to dismiss Plaintiff's complaint. ECF No. 16 ("Mot."). Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS without prejudice Defendant's motion to dismiss. The case management conference, currently set for October 26, 2016, at 2:00 p.m., is VACATED.

**I.    BACKGROUND**

Plaintiff and Defendant both develop and sell water meters for use by the water utility industry. ECF No. 1 ("Compl.") ¶¶ 10, 12–13; ECF No. 16-6, Def. Compl., Decl. of Michael T. Griggs ("Griggs Decl.") Ex. E ¶¶ 6–8.

1

Case No. 16-CV-03376-LHK
ORDER GRANTING MOTION TO DISMISS

On June 8, 2016, Defendant sent Plaintiff a cease and desist letter, which alleged that Plaintiff's newest water meter, the "Ally," infringed Defendant's '827 patent. ECF No. 1-2, Def. June 8, 2016 Letter, Compl. Ex. 2 ("Def. June 8 Letter"). The letter requested that Plaintiff withdraw the Ally water meter from the market and cancel Plaintiff's plans to debut the water meter on June 19, 2016 at the American Water Works Association conference in Chicago, Illinois ("AWWA conference"). *Id.* Given the short time period before the conference, Defendant set a deadline of June 15, 2016 for Plaintiff to provide assurances that it had complied with the letter. *Id.*

On June 13, 2016, Plaintiff responded that it did not believe that the Ally water meter infringed the '827 patent and that Plaintiff needed greater detail on the alleged infringement before it could engage in discussions or alter marketing and sales plans. ECF No. 1-3, Pl. June 13, 2016 Letter, Compl. Ex. 3 ("Pl. June 13 Response"). Defendant subsequently provided Plaintiff a claim chart outlining the claimed infringement and renewed its request that Plaintiff "cease and desist from marketing, promoting, or selling the Ally water meter." ECF No. 16-2, Def. June 13, 2016 Letter, Griggs Decl. Ex. A ("Def. June 13 Letter").

On June 16, 2016, Plaintiff filed the present suit, in which Plaintiff seeks a declaratory judgment that the Ally water meter does not infringe the '827 patent. Compl. ¶¶ 20–25. Plaintiff informed Defendant of the suit on the same day by letter, but did not serve Defendant immediately, purportedly out of a desire to resolve the matter amicably. ECF No. 16-3, Pl. June 16, 2016 Letter, Griggs Decl. Ex. B. Plaintiff also noted that it would soon file an application with the United States Patent and Trademark Office for Inter Partes Review ("IPR") of the validity of Defendant's '827 patent. *Id.* In response, on June 17, 2016, Defendant requested a sample of the Ally water meter as well as a detailed explanation of Plaintiff's non-infringement and invalidity positions. ECF No. 16-4, Def. June 17, 2016 Letter, Griggs Decl. Ex. C.

On July 19, 2016, Plaintiff presented the Ally water meter at the AWWA conference, notwithstanding Defendant's request that Plaintiff not do so. Compl. ¶¶ 11. On June 22, 2016,

2

Case No. 16-CV-03376-LHK
ORDER GRANTING MOTION TO DISMISS

1  Plaintiff declined to provide its non-infringement and invalidity arguments in writing, but instead

2  suggested that the parties meet on July 21, 2016, at which point Plaintiff stated that it would

3  provide limited access to the Ally water meter and discuss its non-infringement and invalidity

4  positions.  ECF No. 16-5, Pl. June 22, 2016 Letter, Griggs Decl. Ex. D.

5  On June 23, 2016, seven days after Plaintiff filed the instant suit in the Northern District of

6  California, Defendant filed a patent infringement suit in the Eastern District of Wisconsin.  ECF

7  No. 16-6, Def. Compl., Griggs Decl. Ex. E.

8  On July 8, 2016, Defendant filed the instant motion to dismiss.  Plaintiff filed a response

9  on July 22, 2016, and Defendant filed a reply on July 29, 2016.  ECF No. 23 ("Resp."); ECF No.

10 25 ("Reply").

## II. LEGAL STANDARD

Under the Declaratory Judgment Act, the Court has "unique and substantial discretion" to decline declaratory judgment jurisdiction.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); 28 U.S.C. § 2201(a) ("[A]ny court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration.").  However, a district court does not have plenary power: "There must be well-founded reasons for declining to entertain a declaratory judgment action."  *Capo, Inc. v. Dioptics Med. Prods.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004).  Because this is a patent case, Federal Circuit law controls when courts determine "whether to accept or decline jurisdiction in an action for a declaration of patent rights in view of a later-filed suit for patent infringement."  *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005).

## III. DISCUSSION

Pursuant to Federal Circuit precedent, the first-filed suit has priority over a later-filed suit "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise."  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton*, 515 U.S. at 288–89.  While exceptions are not rare, "there must . . . be sound reason that would make it unjust or inefficient to continue the first-filed

action." *Id.* at 938.  Such reasons include "whether a party intended to preempt another's infringement suit," as well as "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Elecs. for Imaging*, 394 F.3d at 1345 (citation omitted); *see also In re Founds. Worldwide, Inc.*, 542 F. App'x 998, 999 (Fed. Cir. 2013).

The analysis is not "based on any categorical rules." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).  However, at the very least, the Court must evaluate the "convenience and suitability of competing forums" through "the 'convenience factors' found in a transfer analysis under 28 U.S.C. § 1404(a)." *Id.* at 903–904.  "The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action." *Genentech*, 998 F.2d at 938.

Here, the first-to-file rule requires a denial of the motion to dismiss unless an exception is warranted.  Plaintiff filed this suit on June 16, 2016, seven days prior to the suit for patent infringement brought by Defendant in the Eastern District of Wisconsin.  Additionally, both cases involve the same issue: whether Plaintiff's Ally water meter infringes Defendant's '827 patent.

Thus, the Court must determine whether there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.*  The Court first addresses whether the instant suit is anticipatory, that is, whether Plaintiff "intended to preempt another's infringement suit." *Id.*  Second, the Court turns to whether the convenience factors used to analyze motions to transfer under 28 U.S.C. § 1404(a), namely, the convenience of the witnesses and parties and the interest of justice, warrant dismissal.  Finally, the Court addresses whether Plaintiff's arguments against personal jurisdiction in the Eastern District of Wisconsin prevent dismissal.

### A.     Anticipatory Suit

Defendant argues that the Court should dismiss the instant suit because it was filed in anticipation of Defendant's suit.  "A district court may consider a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action, but that

4

1  consideration is merely one factor in the analysis." *Micron Tech.*, 518 F.3d at 904 (citing

2  *Genentech*, 998 F.2d at 938). The Court concludes that this factor does not weigh in favor of

3  dismissal.

4        The Federal Circuit has not specified the exact circumstances where a suit is considered

5  anticipatory. However, courts considering the issue in patent cases have looked to the content of

6  the parties' pre-filing communications and the timing of the suit to determine whether the suit was

7  an attempt to preempt the defendant's choice of forum. For example, in *Serco Services Co., L.P.*

8  *v. Kelley Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995), the Federal Circuit upheld the dismissal of a

9  first-filed suit where the district court had considered the balance of convenience and the

10  anticipatory nature of the suit. *Id.* at 1039–40. The underlying district court opinion found the

11  suit to be anticipatory because a cease and desist letter specified that the defendant would

12  "commence a lawsuit" if the plaintiff did not "discontinue the manufacture or sale of any

13  infringing device" by September 20, 1993. *Id.* at 1038. Three days before the deadline, on

14  September 17, 1993, the plaintiff filed suit. *Id.* The threat of suit combined with the fast

15  approaching deadline for the filing of the suit caused the suit to be anticipatory.

16        District courts in patent actions applying the Federal Circuit's standard have similarly

17  found suits to be anticipatory where a patent owner threatened that a suit would be forthcoming

18  absent compliance with a cease and desist letter. In *Raz Imports, Inc. v. Luminara Worldwide,*

19  *LLC*, 2015 WL 6692107 (N.D. Tex. Nov. 3, 2015), a court in the Northern District of Texas found

20  a suit anticipatory where the defendant sent a cease and desist letter stating that if the plaintiff

21  continued selling the infringing product, the defendant would sue the plaintiff. *Id.* at *3. The

22  plaintiff filed a declaratory judgment suit the next day. *Id.* Similarly, in *Teledyne Technologies*

23  *Inc. v. Harris Corp.*, 2011 WL 2605995 (C.D. Cal. July 1, 2011), a court in the Central District of

24  California found a suit to be anticipatory where the defendant had told plaintiff that, after initial

25  discussions, the defendant was ready to take the "next step"—litigation—if a settlement was not

26  reached. *Id.* at *3. The plaintiff expressed an interest in an amicable resolution, forestalling

27  defendant from immediately filing suit, and then filed a declaratory judgment action. *Id.*

28

5

Case No. 16-CV-03376-LHK
ORDER GRANTING MOTION TO DISMISS

In contrast, in *Barnes & Noble, Inc. v. LSI Corp*, 823 F. Supp. 2d 980 (N.D. Cal. 2011), a court in this district found a first-filed declaratory judgment action not to be anticipatory even though it was brought after a cease and desist letter had been sent to the plaintiff. *Id.* at 991–92. There, the letter stated that defendant "believed" that the plaintiff's technology was infringing some of the defendant's patents, but did not set a deadline to cease and desist the activity. *Id.* at 982. The parties then met three times and exchanged multiple emails as a part of ongoing negotiations; the plaintiff filed suit before the beginning of the parties' fourth meeting. *Id.* The court held that the suit was not anticipatory because it did not involve a "direct threat of suit" and because the timing of the plaintiff's filing could be "reasonably interpreted as [the plaintiff's] effort to 'cut to the chase' and resolve the conflict as soon as possible once it reasonably believed it was not infringing the subject patents." *Id.* at 992.

The facts of this case fall in between *Serco Services*, *Raz*, and *Teledyne* on the one hand and *Barnes & Noble* on the other. On June 8, 2016, Defendant sent Plaintiff a cease and desist letter stating that Defendant believed that the Ally water meter "clearly infringes the '827 patent." Def. June 8 Letter at 1. The letter requested that Plaintiff withdraw and stop marketing the Ally water meter, agree to no longer exhibit the Ally water meter at the AWWA conference from June 19, 2016 to June 22, 2016, and provide written confirmation of Plaintiff's compliance. *Id.* Defendant, motivated to prevent the debut of the Ally water meter at the AWWA conference, provided Plaintiff until June 15, 2016, one week, to comply with the requests. *Id.* at 2. The letter also stated that it was "without prejudice to any rights or remedies that" Defendant otherwise had. *Id.*

On June 13, 2016, Plaintiff responded by denying infringement and requesting more information about Defendant's claims. Pl. June 13 Letter. The same day, Defendant responded in a letter that stated that Defendant would "take into consideration any explanation that Sensus may have to offer as to why the Ally water meter does not infringe," but also reiterated Defendant's "request that [Plaintiff] cease and desist from marketing, promoting[,] or selling the Ally water meter." Def. June 13 Letter. Plaintiff filed suit on June 16, 2016, one day after the deadline set in

6

the June 8, 2016 cease and desist letter. Defendant filed suit in the Eastern District of Wisconsin on June 23, 2016, one week after Plaintiff filed suit and the day after the close of the AWWA conference where Plaintiff debuted the Ally water meter.

The pre-filing communications in this case do not rise to the level of the statements in the letters in *Serco Services* and the district court cases interpreting Federal Circuit law. The letters sent from Defendant to Plaintiff did not explicitly threaten suit. The first letter stated it was "without prejudice to any rights or remedies" Defendant otherwise had, set a deadline to comply with the cease and desist letter, and indicated that Plaintiff should not present the Ally water meter at the AWWA conference. Overall, while these statements from the cease and desist letters could be reasonably interpreted as an indication of an impending suit, and are stronger than the mere statement of belief of infringement in *Barnes & Noble*, they do not constitute a direct threat of suit.

However, the timing of suits in this case is similar to that found in *Serco Services*. There, the suit was filed three days before the deadline set in the cease and desist letter. In this case, the suit was filed one day after the cease and desist deadline and three days before the AWWA conference. Unlike *Barnes & Noble*, where the plaintiff sued the defendant after extensive meetings and conversations, Plaintiff here filed without extensive meetings or conversations.

Two factors are also present in this case that were not addressed in *Serco Services* or *Barnes & Noble*. First, after Plaintiff filed suit, Plaintiff decided not to serve the suit because Plaintiff hoped to "resolve this matter amicably." Pl. June 16 Letter. Although Plaintiff is allowed 90 days to serve other parties under Federal Rule of Civil Procedure 4(m), Plaintiff's stated desire to resolve the suit amicably undercuts any argument that Plaintiff sought to "cut to the chase" to quickly obtain an adjudication of rights. Second, Plaintiff filed this suit in a district that has, as far as Plaintiff has alleged and as discussed further below, few connections to Plaintiff, the underlying dispute, or the Defendant. This supports the inference that Plaintiff filed quickly to bypass Defendant's choice of forum.

Overall, the Court finds that Plaintiff's suit is not anticipatory. In *Serco Services* and the

district court cases applying the Federal Circuit's standard, a finding of anticipatory suit has always been accompanied by a direct threat of litigation. The timing of Plaintiff's suit is certainly suspect and provides some evidence that Plaintiff intended to preempt Defendant's suit, but without a concrete threat of litigation, Plaintiff's decision was not necessarily tied to Defendant's impending lawsuit. For example, the suit could have simply been brought in an effort to gain an advantage during settlement discussions: a discourteous act, but one not proscribed by the anticipatory suit doctrine. Therefore, this factor does not weigh in favor of dismissal.

Even if the court had found the first-filed action to be anticipatory, that finding would be insufficient on its own to dismiss a first-filed declaratory judgment action: the intent to preempt another's suit "is merely one factor in the analysis." *Micron Tech.*, 518 F.3d at 904. Thus, the Court must consider the balance of convenience and the jurisdiction of the competing forums to determine whether there is "sound reason that would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938.

### B.     Balance of Convenience

The Federal Circuit has emphasized that in cases involving the dismissal of a declaratory judgment action and "competing forum interests, the trial court needs to consider the 'convenience factors' found in a transfer analysis under 28 U.S.C. § 1404(a)." *Micron Tech.*, 518 F.3d at 902–04 ("[T]he jurisdiction question is basically the same as a transfer action under § 1404(a)."); *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1385 (Fed. Cir. 2010).

The Federal Circuit usually analyzes motions to transfer under the "laws of the regional circuit in which the district court sits." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). However, because the Court is determining whether to dismiss a declaratory judgment action, the Court still must follow Federal Circuit precedent. *Elecs. for Imaging*, 394 F.3d at 1345–46.

Under § 1404(a), a case may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In this analysis, a court balances the convenience of the parties, witnesses, and access to evidence, and the interest of justice or expediency. *Micron*

*Tech., Inc.*, 518 F.3d at 904. The Court addresses each of these issues in turn.

### 1. Convenience of Parties, Witnesses, and Access to Evidence

The convenience of the parties, witnesses, and access to evidence are the most important factors when determining whether to decline to hear a first-filed suit for convenience reasons. *See Serco Servs.*, 51 F.3d at 1039–40 (upholding dismissal of suit where district court looked only to convenience of parties, witnesses, and access to documents in the convenience analysis and did not discuss the interest of justice); *see also Barnes & Noble*, 823 F. Supp. 2d at 993 (discussing the convenience of the parties, witnesses, and the access to evidence when applying the 28 U.S.C. § 1404 convenience factors).

Here, Plaintiff has not alleged facts showing that the Plaintiff or the instant dispute has a connection with the Northern District of California. Plaintiff has alleged that the Ally water meter will soon be sold in the "marketplace," but has not specifically indicated it will be sold in California. *See* Compl. ¶ 11. Furthermore, Plaintiff's state of incorporation is Delaware and its primary place of business is North Carolina. *Id.* ¶ 2. This lack of asserted connection to the Northern District of California indicates that Plaintiff's choice of forum should be given little weight. *See Barnes & Noble*, 823 F. Supp. 2d at 994; *cf. Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").

Regarding the convenience of witnesses, Defendant has provided a declaration stating that Defendant's "expected witnesses for this action work at Badger Meter's headquarters and live in Milwaukee or the surrounding area." Begale Decl. ¶ 9. Although Defendant has three branch offices in California, including one in the Northern District of California, the declaration indicates that those offices were not involved in the '827 patent and no witnesses relevant to this suit are located in California. *Id.* ¶¶ 3, 6; ECF No. 24-2, Li Decl. Ex. B at 5 (indicating that Defendant only has a "Silicon Valley Innovation Center" in the Northern District of California). Therefore, allowing the suit to continue in California would require Defendant to pay cross-country travel

costs and would be more disruptive to business operations than if the suit proceeded in the Eastern District of Wisconsin, where Defendant is headquartered.

In contrast, Plaintiff has presented no information about the witnesses it intends to present at trial. Instead, Plaintiff simply argues that Defendant's declaration should be accorded less weight because the witnesses are Defendant's employees and Defendant has not provided specific information on the identities and subject matter of the potential witnesses' testimony. Resp. at 9–10; *see Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092–93 (N.D. Cal. 2002); *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1084 (N.D. Cal. 2008). However, given the complete lack of information about Plaintiff's witnesses, Defendant's declaration is sufficient to conclude that the convenience of the witnesses favors the Eastern District of Wisconsin over the Northern District of California.

As to documentary evidence, Defendant argues that its records are kept in its headquarters in the Eastern District of Wisconsin and that it would be burdensome to transfer the records to the Northern District of California. However, this factor is neutral because, "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden." *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 2015 WL 1738269, at *4 (N.D. Cal. April 9, 2015) (citation omitted).

The convenience of the parties and witnesses ultimately weighs in favor of this case being heard in the Eastern District of Wisconsin. Plaintiff does not reside in the Northern District of California, the alleged facts giving rise to Plaintiff's claims did not occur in the Northern District of California, and none of the witnesses brought to the attention of the court reside in the Northern District of California. On the other hand, Defendant is headquartered in the Eastern District of Wisconsin and some of the witnesses relevant to this dispute reside in the Eastern District of Wisconsin. This factor weighs in favor of dismissal.

### 2. Interest of Justice

The interest of justice must also be considered alongside the convenience of the parties and witnesses under a 28 U.S.C. § 1404(a) analysis. *Micron Tech.*, 518 F.3d at 904; *see also Barnes &*

*Noble*, 823 F. Supp. 2d at 993.  Factors related to the interest of justice include court congestion, the local interest in deciding local controversies, conflicts of laws between jurisdictions, and burdening citizens in an unrelated forum with jury duty.  *Cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (citing public interest considerations when determining whether to dismiss under *forum non conveniens*).

While a minor factor, court congestion can weigh in favor of transferring a case.  From the perspective of the parties, this factor slightly favors not dismissing the case: Plaintiff provides evidence that cases in the Northern District of California reach trial 3.7 months faster than in the Eastern District of Wisconsin (23.9 months versus 27.6 months).  ECF No. 24-3, Decl. of Zhu Li ("Li Decl.") Ex. 3.  However, from the perspective of judicial administration, the Eastern District of Wisconsin is favored: as of June 30, 2015, the Northern District of California has more than three times (5,226) the amount of pending cases as the Eastern District of Wisconsin (1,338).  *See* United States Courts, Table C-1, U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending June 30, 2015, http://www.uscourts.gov/file/18976/download.  On balance, this factor is neutral.

Defendant argues that the local interest in the suit favors the Eastern District of Wisconsin because California has little interest in a suit between corporations that have their primary places of business in the Eastern District of Wisconsin and North Carolina, especially when the case involves a patent with little asserted connection to California.  Reply at 9.  The Court agrees.  The Eastern District of Wisconsin has a stronger interest than the Northern District of California in the dispute because it is Defendant's primary place of business and is the location where personnel knowledgeable about the '827 patent live and work.  ECF No. 16-12, Begale Decl. ¶ 7–9; *cf. Vu v. Ortho–McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) (finding that, although the transferee district's interest was not substantially stronger than the transferor's, it "nevertheless remains stronger because the events at issue took place there").

Finally, the concern regarding a conflict of laws is inapposite here because patent law arises from a federal statute that is uniform across the United States.  Consequently, either forum

11
Case No. 16-CV-03376-LHK
ORDER GRANTING MOTION TO DISMISS

1   is equally capable of hearing and deciding this case. *Cf. M.K. v. Visa Cigna Network POS Plan*,
2   2013 WL 2146609, at *4 (N.D. Cal. May 15, 2013).

3         Overall, in light of the fact that the Eastern District of Wisconsin has a greater interest in
4   the dispute than the Northern District of California, the Court concludes that the interest of justice
5   slightly favors transferring the case.

### C. Jurisdiction

If a forum lacks jurisdiction over a necessary party, transfer to or dismissal in favor of that forum would likely be inappropriate. *See Elecs. for Imaging*, 394 F.3d at 1347 (citing *Genentech*, 998 F.2d at 938). Here, the Court notes that a fully briefed motion is pending before the Eastern District of Wisconsin where Plaintiff argues for dismissal based on lack of personal jurisdiction. *See* ECF No. 24-1, Pl. Mot. to Dismiss, Li Decl. Ex. 1. However, the concern over jurisdiction can be mitigated by providing Plaintiff leave to re-file in the Northern District of California should the Eastern District of Wisconsin dismiss for lack of personal jurisdiction over Plaintiff. On such occasion, Plaintiff may be able to provide additional evidence why the Northern District of California is an appropriate forum.

Overall, the Court finds that dismissal is appropriate. The convenience of the witnesses and parties and the interest of justice weigh in favor of the Wisconsin forum. Thus, it would be "unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss without prejudice. Plaintiff may refile the complaint should the Eastern District of Wisconsin action be dismissed for lack of personal jurisdiction. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 27, 2016

                                                LUCY H. KOH
                                                United States District Judge